**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Ryan B. Tuttle

   v.                                            Civil No. 14-cv-292-PB

Richard Gerry, Warden, New Hampshire
State Prison, and Cpl. FNU Christie[1]


**REPORT AND RECOMMENDATION**


Before the Court is plaintiff Ryan Tuttle's Complaint (doc.

no. 1).  The matter is here for preliminary review, pursuant to

28 U.S.C. § 1915A and LR 4.3(d)(1).


**STANDARD**


For the purposes of this Court's preliminary review of pro

se prisoner pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1),

the Court construes the pleading liberally in determining

whether a pleading states a claim.  See Erickson v. Pardus, 551

U.S. 89, 94 (2007).  Disregarding any legal conclusions, the

Court considers whether the factual content in the pleading and

inferences reasonably drawn therefrom, taken as true, state a

plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d

91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S.

---

[1]"FNU" stands for "first name unknown."  The Clerk is
directed to correct the docket to show that Christie's rank is
Corporal, not Captain.

662, 678 (2009)).

## BACKGROUND

On February 19, 2014, Tuttle, an inmate at the New Hampshire State Prison ("NHSP"), was housed in that facility's Closed Custody Unit ("CCU").  Cpl. Christie was on duty in the CCU control booth.  Tuttle asserts that Christie appeared to be "kicked back," inattentive, and reading a book or sleeping. Tuttle was attacked from behind by another inmate, who, Tuttle alleges, slit Tuttle's throat with a razor.  Tuttle claims that Christie violated Tuttle's Eighth Amendment right to be protected from a substantial risk of serious harm while incarcerated when, due to his inattention, Christie failed to prevent the attack on Tuttle, and also failed to summon any officers to stop the ensuing inmate fight, which occurred in view of the control booth.

## DISCUSSION

### I.   Cpl. Christie

The facts alleged in the Complaint (doc. no. 1), including the exhibits attached thereto, are sufficient to warrant service of an Eighth Amendment failure to protect claim upon Cpl. Christie, arising under 42 U.S.C. § 1983.  See generally Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).  The Court has directed

service of that claim upon Christie in the Order issued this date.

## II. **Warden**

Tuttle alleges that Warden Richard Gerry is liable as Christie's supervisor, for failing to take steps to prevent the attack.  Tuttle has pleaded no facts, however, suggesting any basis for finding Gerry liable under 42 U.S.C. § 1983.  See Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012). Accordingly, the claims asserted against Gerry should be dismissed, and Gerry should be dropped from the case.

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss the claims asserted against NHSP Warden Richard Gerry, and should drop Gerry from this case.  In an Order issued this date, the Court has directed service of the Complaint (doc. no. 1) upon Cpl. Christie.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge


August 26, 2014

cc:   Ryan B. Tuttle, pro se