**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Ryan B. Tuttle**

v. Civil No. 14-cv-292-PB

**Cpl. Jay Christie**

**REPORT AND RECOMMENDATION**

The plaintiff, Ryan B. Tuttle ("Tuttle"), an inmate in the New Hampshire State Prison system, brings this action pursuant to 42 U.S.C. § 1983 against the defendant, Corporal Jay Christie ("Christie"), a New Hampshire Department of Corrections ("DOC") employee. Doc. no. 1.[1] Tuttle alleges that Christie violated his Eighth Amendment rights by failing to protect him from an inmate attack, and also failed to summon any officer to stop the ensuing fight, which occurred in view of the control booth.

Before the court is the defendant's motion for summary judgment alleging that Tuttle has not presented a genuine issue of material fact as to the elements of a constitutional

---

[1] Tuttle's complaint also listed former New Hampshire State Prison Warden Richard Gerry as a defendant. See Compl. (doc. no. 1. at 1). On August 26, 2014, this court filed a Report and Recommendation, recommending that the district judge dismiss all claims asserted against Warden Gerry. Doc. no. 5. On September 18, 2014, the Report and Recommendation was approved by the district judge. Doc. no. 7.

violation, and that he failed to exhaust available administrative remedies. Doc. no. 15. Tuttle has not responded to the defendant's motion. For the reasons stated below, this court recommends that the district judge grant the defendant's motion for summary judgment.

## Standard of Review

"'Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" Ponte v. Steelcase Inc., 741 F.3d 310, 319 (1st Cir.2014) (citation omitted); see also Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court must "view[ ] the entire record 'in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'" Winslow v. Aroostook Cty., 736 F.3d 23, 29 (1st Cir.2013) (citation omitted).

In this case, Tuttle has failed to object to the defendant's motion for summary judgment. Accordingly, the court accepts as admitted the factual statements recited in that motion, as supported by the attached exhibits. See LR 56.1(b). Importantly, however, Tuttle's failure to object does not automatically entitle the defendant to judgment in his favor. The court must still determine whether the uncontested facts

presented by the defendant, when viewed in the light most favorable to Tuttle, entitle the defendant to judgment as a matter of law. See, e.g., Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003).

## Background

On February 19, 2014, Tuttle was an inmate at the New Hampshire State Prison for Men ("NHSP"). Christie Aff. ¶ 1 (doc. no. 15-2). At NHSP, Tuttle was housed in the Close Custody Unit ("CCU") on the B-tier. Compl. at 4 (doc. no. 1); Pl.'s Resp. to Interrog. 4 (doc. no. 15-5).[2]

The defendant is a Corporal at the NHSP. Id. at ¶ 1. As a Corporal, the defendant's responsibilities include "monitoring inmate movement, enforcing institutional rules among the inmate population, cell searches and occasional urine analyses." Id. at ¶ 2. On February 19, 2014, the defendant assumed duty in the CCU control room at 6:00 p.m. Id. at ¶ 5. In the CCU control room, the defendant "was responsible for monitoring each of the three CCU units." Id.

Around 6:00 p.m., B-tier inmates were released out of their cells for recreation time. Id. at ¶ 5-6. During "recreation

[2] The CCU has three tiers, labeled "A," "B," and "C." Christie Aff. ¶ 3.

time," inmates may leave their cells and "interact with other inmates in their cells or connecting hallway." Id. at ¶ 6.

At this time, just after 6:00 p.m., Tuttle was speaking with one inmate when another inmate, Dickens Etienne, walked up behind Tuttle, "sliced [his] throat" and "punched [him] in the face." Pl.'s Resp. to Interrog. 4. In the scuffle, Tuttle received cuts on his neck, face, and arm. Id. The defendant did not witness the attack. Pl's Resp. to Interrog. 7 (doc. no. 15-5); Christie Aff. ¶ 10, 12. Tuttle alleges that the defendant failed to protect him or "call for responders" because he was "reading or sleeping while the incident was taking place." Compl. at 4; Pl's Resp. to Interrog. 5 (doc. no. 15-5).

**Discussion**

The defendant moves for summary judgement on two grounds: (1) Tuttle's Eighth Amendment claims fails to establish that he was incarcerated under conditions posting a substantial risk of serious harm and that the defendant was deliberately indifferent to his health or safety; and (2) Tuttle failed to exhaust the administrative remedies available to him. Def.'s Mot. Summ. J. (doc. no. 15). The court need not express any opinion on the exhaustion issue, as summary judgment should be granted on the

merits of Tuttle's failure to protect claim, for reasons set forth below.

To prevail on an Eighth Amendment failure to protect claim, an inmate must make two showings. First, he must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Second, the plaintiff must show that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." Burrell v. Hampshire Cnty., 307 F.3d 1, 8 (1st Cir. 2002) (citing Farmer, 511 U.S. at 834). In other words, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The "deliberate indifference" standard "entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835.

Tuttle contends that the defendant was "reading or sleeping" during his shift in the CCU control room while Tuttle and Etienne fought, resulting in numerous cuts on Tuttle's neck, face, and arm. Pl.'s Resp. to Interrog. 4-5 (doc. no. 15-5). The defendant denies sleeping or reading a book during his shift. Christie Aff. ¶ 16 (doc. no. 15-2). Even if the court

were to assume that the defendant was sleeping or reading during the altercation, summary judgment on the Eighth Amendment claim would be proper because the record is devoid of any facts suggesting that the defendant was subjectively aware that Etienne (or any other inmate on the tier in CCU) presented a danger to Tuttle prior to the altercation. See Shorter v. Russell, 2014 U.S. Dist. LEXIS 169517, at *8, 2014 WL 6909026, at *4 (D.S.C. Nov. 19, 2014) report and recommendation adopted, 2014 U.S. Dist. LEXIS 169190, 2014 WL 6909026 (D.S.C. Dec. 5, 2014) ("[T]he allegation that Officer Russell was sleeping while the rape took place and failed to make his rounds, at best, shows negligence, which is not actionable under 42 U.S.C. § 1983."); Sirmans v. Williams, No. 5:08CV25-RH/WCS, 2009 WL 1788186, at *2 (N.D. Fla. April 21, 2009) report and recommendation adopted 2009 WL 1788186 (N.D. Fla. June 22, 2009) ("Plaintiff now makes only a conclusory allegation that Defendants were asleep and failed to prevent the assault. Plaintiff has not alleged that Defendants knew Plaintiff was in any danger of being attacked."); O'Brien v. Lewis, No. CV 01-6089-KI, 2004 WL 2123946, at *8 (D. Or. Sept. 23, 2004) ("Officer Merrill's falling asleep briefly does not amount to deliberate indifference. Although Officer Merrill may have had reason to believe that plaintiff was not getting along with other inmates, plaintiff has failed to show that Officer Merrill

had more than a mere suspicion that the attack will occur. Additionally, simply showing that Officer Merrill was negligent in falling asleep is insufficient to show deliberate indifference.") (internal citation and quotation marks omitted).

Here, there is no evidence in the record to support that the defendant knew that Tuttle was in danger of being attacked prior to February 19, 2014. At best, Tuttle has stated a negligence claim against the defendant, arising out of allegations that the defendant was reading or sleeping while on duty. Negligence, however, is not a basis for liability under 42 U.S.C. § 1983. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). Accordingly, the record does not present a triable issue of fact on deliberate indifference. Therefore, the defendant's motion for summary judgment should be granted.

## Conclusion

For the foregoing reasons, the district judge should grant the defendant's motion for summary judgment (doc. no. 15). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

November 10, 2015

cc: Ryan B. Tuttle, Pro Se
Elizabeth A. Lahey, Esq.
Laura E.B. Lombardi, Esq.